In The Matter Between

DAVID HARRIS
Plaintiff

V

TD AMERITRADE. INC
Defendants

**Statement of Claim**
41279

FILED

JUN 0 5 2014

CIRCUIT COURT
COFFEE COUNTY, TN
HEATHER HINDS DUNCAN, CLERK
TIME _____ AM/PM

<u>**ISSUE**</u>

Plaintiff files this statement of claim which is that the Defendant is willfully refusing to deliver a certificate for shares that they bought and are holding for me in Bancorp International Group Inc.("BCIT").

The Defendants have said that they bought my shares and that they are held on deposit with The Deposit Trust Corporation (DTC) and that the DTC shares are shown on the books of BCIT in the name Cede & Co , but they are prevented from delivery due to a DTC "global Lock, yet:

(i)      They have no documents to prove they ever bought my shares, cannot provide details of the shares and will not or cannot say who the seller was.

(ii)     DTC state that a global lock does not prevent trading and if it does not prevent trading then it cannot prevent transfer & delivery

(iii)    I bought after the lock and so he Defendant should have had physical shares.

(iv)    There is evidence to show BCIT is not locked

(v)     Defendants  do not have shares on deposit with DTC, because Cede & Co (DTC) do not have enough BCIT shares to cover the shares the Defendants allegedly bought



EXHIBIT C
1 OF 9

## RELIEF

I am requesting that the Court compel the Defendant to transfer my BCIT ownership from their books into my name, on the books of BCIT, and deliver to me a BCIT stock certificate (45,000 shares; CUSIP # 05968x205) as proof of my registered ownership, as well as $1,237,500.00 (One Million, Two Hundred Thirty Seven Thousand, Five Hundred Dollars) in damages and all court related expenses associated with this case.

If, as I suspect, the Defendant does not have the shares they can either "buy-in" the seller, or obtain my BCIT shares from one of multiple, openly available sources. BCIT shares are available and the Defendants hold a certificate for 500 shares which was issued to them in March 2012. **Exhibit 1 – TDA Share certificate**

## RELEVANT FACTS

I am a customer of Defendants and on 08/24/2005; I bought 48,000 shares of Bancorp International Group Inc. (BCIT) for me. At the time of the purchase the respondent located a seller with shares, removed funds from my account (#780-361790) to pay the seller, created "security entitlements" for 48,000 shares in my account and sent a trade confirmation of my purchase. On 12/12/2006, **3000** of those shares were gifted and transferred to account (#781-275635). **45,000** shares remain in my account. **EXHIBIT 2 – Trade Confirmation & EXHIBIT 3 - Claimants statement detailing transfer.**

The Defendants voluntarily executed my buy order and provided me with written confirmation that my purchases cleared and settled and has sent me monthly account statements as evidence that my BCIT ownership is registered in street name.

They have never disputed my purchases or ownership of BCIT and the fact that the Security Interests are shown in my account shows that the Defendants admit that they hold a property interest in the Nevada Corporation called Bancorp International Group Inc. (BCIT) on my behalf and that they are obliged to deliver or sell those shares as an when I want. **EXHIBIT 4 – Monthly Statement**

On 12/12/2011 I made a demand to the Defendants to transfer my BCIT shares into my name on the books of BCIT and to deliver a certificate. They refused and said that although I was the owner



EXHIBIT C
2 OF 9

of the shares and that they had them on deposit with DTC they were unable to comply because the stock in not deliverable due to a "global lock" by DTC **EXHIBIT 5 - Refusal**

### (i) Defendants have no documents to prove they ever bought my shares and cannot provide details of the shares and will not or cannot say who the seller was.

The Defendants admit that I asked them to buy the BCIT shares and that they voluntarily accepted the order, but at no time do they say that they bought the shares or who they bought them from and claim to have no papers to back this up either.

Federal and state securities laws impose very strict requirements on brokers to keep impeccable records for all transactions. Brokers like the Defendants must keep an airtight paper trail so as to be able to say where the clients' money went and where the shares came from. In this case the Defendants cannot do that. The records have either been destroyed or they never had them in the first place.

### (ii) DTC state that a global lock does not prevent trading

There is no more authoritative source on DTC globally locked securities than Mr. Isaac Montal, Deputy General Counsel for the DTCC. On May 6, 2014, in a letter addressed to the SEC, Mr. Montal, stated that **"Neither a Deposit Chill nor a Global Lock prevents trading of an affected security."** If a Global Lock does not prevent trading of an affected security then it follows that a DTC lock does not prevent clearing, settling or transfer of an affected security because those are all component parts of trading and the whole point of trading is the transfer of ownership from the seller to the buyer. **EXHIBIT 6 – DTC letter**

### (iii) I bought After the Lock So the Defendants should have had Physical Shares.



EXHIBIT C
3 OF 9

The Depository Trust Clearing Corporation (DTC) issued a notice of a Global Lock on August 16, 2005 halting all transactions other than custody services through the DTC. However, the Depository Trust Clearing Corporations Global Lock only affects the services rendered by the DTC. This often greatly influences the trading activity on a locked position as the majority of trade settlement and clearing activity is done through the DTC. **EXHIBIT 7 – Global Lock**

However, a participant such as the Defendant who holds securities in physical form and is willing to settle trading without the services of the DTC has no obligation to stop trading based on the DTC's lack of involvement.

In December 2011 the Defendant refused to deliver a certificate to me because they don't have any and thus admitted at that time that they had traded illegally and fraudulently


### (iv) BCIT is not locked

There is no evidence to show that the DTC lock is still in force on BCIT. There is a DTC document dated August 16, 2005 which shows that the lock was put in place but there are no documents since then to show that it is still in force, and a DTC list of locked stocks dated May 2012 does not have BCIT on the list. If BCIT is not on the DTC list of locked stock, then BCIT is not locked **EXHIBIT 8 – DTC list of locked stock BCIT not shown**


### (vi) Defendants do not have shares on deposit with DTC as they claim, because Cede & Co (DTC) do not have enough BCIT shares to cover the shares the Defendants allegedly bought

DTC do not buy and sell shares, and for the DTC to be able to settle and clear trades in a stock they must have sufficient shares from the issuer – in this case BCIT - and the seller and purchasers brokers must both be participants of DTC.

Empire Stock Transfer are the transfer agents for BCIT and are responsible for independently maintaining the official stock register for the company statement dated April 16, 2014 from Mr. Patrick Mokros the president of Empire he states that Cede & Co (DTC) are the actual shareholders of record for BCIT and hold 645,806 BCIT shares. **EXHIBIT 9 – Letter from Patrick Mokros**



EXHIBIT C 1

4 OF 9

An extract from the stock register which is clearly marked as being produced by EMPIRE STOCK TRANSFER not BCIT corroborates Mr. Mokros letter. The statement from Empire and the extract from the stock register proves beyond all reasonable doubt and beyond all contestation that Cede & Co (DTC) only hold 645,806 shares & that the current & active CUSIP is 05968X205.

**EXHIBIT 10 – Extract from BCIT Stock Transfer Journal**

From September 2011 to April 2014 various BCIT shareholders have brought similar cases to mine against in courts and FINRA arbitration for delivery of shares and the demand for shares being sought is well over the 3.2 million and 645,806 shares do not cover it.

It was only when these recent FINRA arbitration cases were published that evidence finally came to light that the Defendants have been lying about having sufficient shares with the DTC. The reason they will not deliver is not because of the lock, but because they don't have the shares they are required to have.

Even if the lock was still in force, which it is not, it only applies to the 645,806 shares in the name Cede & Co on the CUSIP number 05968x106, it does not apply to any other shares on that CUSIP in anyone else's name nor does it relate to the shares that were issued after January 6, 2006 on the current and active CUSIP 05968X205.

### ANCILLARY MATTER

This is not a matter for the court but the global lock was out in place on August 16, 2005.

DTC provided notice that it had suspended all services except custody services and from that point forward Plaintiff was unable to effectuate any requests related to BCIT that involved a transfer of the securities specifically including providing certificates for shares held electronically **yet** they did not tell me this and still took my money in the full knowledge that they could not access the shares at DTC.

It is prohibited conduct under FINRA rules for a FINRA member *to fail to disclose material facts concerning an investment*. FINRA says that examples of information that may be considered material and that should be accurately presented to customers include: the risks of investing in a particular security.

This offence and FINRA prohibited conduct is absolute and fully admitted by the Defendants.


EXHIBIT C
5 OF 9

## ARGUEMENT

The sale and transfer of Securities in Tennessee are governed by section 47 also known as the Uniform Commercial Code (UCC).

How I hold my shares is my decision and the Defendants are obliged to act on my directions immediately UCC 8-508. States that **A securities intermediary shall act at the direction of an entitlement holder to change a security entitlement into another available form of holding for which the entitlement holder is eligible, or to cause the financial asset to be transferred to a securities account of the entitlement holder with another securities intermediary.**

If the issuer of the stock certificates is incorporated in a state that requires companies to provide physical stock certificates upon demand then you would be entitled to receive a physical copy. As BCIT is a Nevada incorporated company and Nevada Revised statutes 78.235 states that every shareholder is entitled to a certificate. *Except as otherwise provided in subsection 4, every stockholder is entitled to have a certificate, signed by officers or agents designated by the corporation for the purpose, certifying the number of shares in the corporation owned by the stockholder.*

Every duty and obligation arising under Uniform Commercial Code gives plaintiff the right to judicial enforcement UCC 1-305 (*b) Any right or obligation declared by the code is enforceable by action* . UCC 8- 112 (e) *A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.*

Although this case is in Tennessee, BCIT is a Nevada company and Nevada Revised Statute 78.240 states that *The shares of stock in every corporation shall be personal property and that means that I have a right to enforce a personal property right under the Nevada state Constitution,*

EXHIBIT C
6 OF 9

## CONCLUSION

This claim is not about the event of 2005, but about the Defendants failure to transfer and deliver in 2011 and their fraudulent misrepresentations about the number of shares they hold at DTC and about being unable to deliver due to the lock all of which were only capable of proof as of 2014.

I made a securities entitlement order to have my BCIT shares transferred out of street name into my name as I am entitled to do, so I can be a shareholder of record and Defendants is refusing to do it.

They said they had shares at DTC and that they could not deliver due to the lock. This is not true, there are not enough shares on deposit with DTC and the claims that have been heard in court and arbitration account for all those and more.

It appears that Defendant did not actually buy the shares to cover my position at the time, or the seller failed to perform, either way they are lying about having shares. This does not affect my right to be a registered owner in anyway, because when they created a securities entitlement in my account, which is shown today, they were saying, *"We TD Ameritrade owe David Harris 45,000 shares in Bancorp International Group Inc. (BCIT)"*. Securities laws and the Uniform Commercial Code recognize me as the owner of the entitlement and my account statements show it, and those same laws say the Defendants owe me those BCIT shares and must obtain them for me in order to make good on my entitlement.

For the reasons stated above I respectfully ask the Court for an order which compels the Defendant to deliver a physical stock certificate for my 45,000 shares of Bancorp International Group, Inc. (BCIT) (CUSIP # 05968x205) in my name, as well as $1,237,500.00 damages and all court related expenses I have incurred to bring this case and any such other and further relief as the court may deem just and proper.



EXHIBIT C

7 OF 9

Respectfully Submitted,

This 5th day of June, 2014

David L. Harris

5913 Fountain Grove Rd.

Morrison, Tennessee   37357

Tel:  (931) 2273-6226

Email:  dharris931@aol.com

**EXHIBIT C**

8 **OF** 9

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Statement of Claim was served upon the following parties by US Mail and addressed as follows:

GRANT KONVALINKA & HARRISON, P.C.

H. Wayne Grant
BPR #001573
hwgrant@gkhpc.com
Mathew D. Brownfield
BPR #10921
mbrownfield@gkhpc.com
Republic Centre, Ninth Floor
633 Chestnut Street
Chattanooga, TN 37450
(423) 933-2731 (Telephone)
(423) 756-6518 (Facsimile)

and

KUTAK ROCK LLP

Gregory R. Crochet
BPR #026962
greg.crochet@kutakrock.com
303 Peachtree Street, N.E.
Suite 2750
Atlanta, GA 30308
(404) 222-4600 (Telephone)
(404) 222-4654 (Facsimile)
Attorneys for Defendant TD Ameritrade, Inc.

This 5th day of June, 2014

David L. Harris

EXHIBIT C
9 OF 9