IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**FILED**

JUL 29 2014

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

DAVE HARRIS,

        Plaintiffs,                  CIVIL ACTION

v.                                 CASE NO. 4:14-CV-00046

TD AMERITRADE,

        Defendant

## PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS OR ALTERNATIVELY COMPEL ARBITRATION

The Uniform Commercial Code ("UCC") expressly provides a private right of action to enforce any right or obligation declared by the Code and that includes the ownership rights declared in Part 5 UCC Revised Article 8. My claim, which is to have my beneficial ownership reregistered into my name, arises under UCC Revised Article 8 and is subject to mandatory arbitration only if the arbitral forum provides an opportunity to effectively vindicate my right. Because FINRA arbitrators are not enforcing Bancorp International Group Inc. ("BCIT") ownership claims such as mine[1], defendant's motion to compel arbitration should be denied.

I respectfully request the court deny defendant's Motion to Dismiss my claim and deny defendant's Motion to Compel Arbitration. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 129 S. Ct. 1456, 173 L. Ed. 2d 398 (2009).

### Summary of My Claim

---

[1] As of March 2014 eleven claims brought by BCIT entitlement holders have been denied without explanation. *See* FINRA arbitration awards 13-02446; 13-02487; 13-02641; 13-02761; 13-02827; 13-02858; 13-02914; 13-02915; 13-02989; ;13-03065; 13-03497; http://finraawardsonline.finra.org/

Defendant owes me duties imposed by law (UCC Revised Article 8) Defendant refuses to perform its duties (UCC 8-504; UCC 8-507; UCC 8-508). Defendant has no legitimate excuse for refusing to perform these duties. I am entitled to aid of the court to enforce these duties (UCC 1-305; UCC 8-503; UCC 8-507; UCC 8-508; § 28 SEA 1934[2] and the Tennessee Constitution[3]).

1. No statute of limitations applies to my claim.
2. My claim is entitled to a hearing on the merits.
3. UCC Article 1-305 expressly provides a private right of action.
4. My claim is to enforce TD Ameritrade's duties imposed by law.
5. I am not provided equal protection of the law in FINRA's arbitral forum.
6. Defendant fails to inform this court of its fiduciary duty imposed by law.
7. Defendants actions are inconsistent with its fiduciary duty.
8. Monetary damages.
9. Conclusion.

### 1. No Statute Of Limitations Applies To My Claim.

In their Unpublished Opinion, the Eighth Circuit Court of Appeals, reversed a dismissal based on a statute of limitations as the appeals court found, in light of the unique circumstances surrounding the BCIT saga, the district court erred in applying a statute of limitations. The Eighth Circuit Court of Appeals did not address the legal question of whether a statute of limitations even applies to ownership rights of shares held in the indirect holding system. (See *Levy v. TD AMERITRADE, INC.*, No. 13-3363 (8th Cir. June 3, 2014)). Even though Eighth Circuit opinions are not binding on this court, their unpublished opinions are precedential within the Eighth Circuit, which includes Nebraska. See *Anastasoff v. US*, 223 F.3d 898 (8th Cir. 2000).

---

[2] http://www.law.cornell.edu/supct/pdf/05-1157P.ZD *Credit Suisse Securities (USA) LLC v. Billing*, 551 U.S. 264(2007) (THOMAS, J., dissenting)

[3] The Tennessee Constitution, provides "[t]hat all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Tenn. Const. art. 1, § 17.

And whether binding or not, that opinion is instructive because all BCIT entitlement holders face the same historical fact pattern regarding the BCIT saga. And as the court found, entitlement holders have justification for not filing suit sooner as they relied on financial professionals to provide an accurate assessment of the Depository Trust Company, ("DTC") global lock situation.

Restrictions on the transfer of BCIT stock under the control of the DTC were imposed in 2005 but because it had not been established what BCIT shares were under the control of the DTC, no claim of injury could be maintained against defendant or any other FINRA member brokerage until sometime after September 2011[4]. It was not until late 2011 that BCIT shareholders obtained evidence that the DTC did not control any of the BCIT shares FINRA member brokerage's customers were entitled to. This evidence was necessary in order for an entitlement holder to enforce their ownership be evidenced by a stock certificate rather than as a security entitlement registered on the brokerages books. Still to this day, defendant claims the DTC controls the BCIT shares I am entitled to and until defendant acquiesces that the DTC does not control those shares and admits it is defendant who controls the re-registration of my ownership, defendant's argument that a statute of limitations should be applied to my claim is illogical.

## 2. My Claim Is Entitled To a Hearing on the Merits

I own a security entitlement for 45,000 BCIT shares of common stock held in a securities account with defendant. A security entitlement is a property interest created by state statute and is evidence of a settled securities transaction. (See UCC Revised Article 8).

> "Under the new system securities may be held directly through possession of a stock certificate or entry on the issuer's stock registry or indirectly by acquisition of a "security entitlement" from an intermediary such as a clearing company, bank, or broker dealer. UCC § 8-101. A security entitlement is a property interest entitling the holder to exercise all of the rights attached to the

---

[4] See Harris-Kimball v. Scottrade, Inc. September 2011 decision (FINRA DR Case No. 11-00018)

3

security. See UCC § 8-501(b), cmt.1." *PET QUARTERS v. Depository Trust and Clearing*, 559 F.3d 772 (8th Cir. 2009).

> "[T]he meaning of the term [security entitlement] is to be found less in any specific definition than in the matrix of rules that use the term. The most important component of that matrix of rules is the set of five duties Article 8 imposes on a securities intermediary with respect to its entitlement holders."[5]

UCC 8-508 is one of the five duties imposed on defendant by law and it obligates defendant to change my form of ownership (from indirect to direct) when I give an entitlement order that they do so; this obligation is also mandated by 17 C.F.R. § 240.15c3-3(l)

State law created security entitlements reflect the federal securities scheme where customers receive book-entry credits instead of certificates for their securities, and account statements rather than stock certificates to evidence their ownership. This federal scheme recognizes me as the beneficial owner of the 45,000 shares of BCIT underlying my security entitlement[6] and I am entitled to immediate possession of the underlying BCIT shares.

> *"Nothing stated in this section shall be construed as affecting the absolute right of a customer of a broker or dealer to receive in the course of normal business operations following demand made on the broker or dealer, the physical delivery of certificates for Fully-paid securities to which he is entitled."* (See Section 15c3-3 (l) Securities Exchange Act Of 1934.)

> *"If security certificates in registered form are issued for the security, and individuals are eligible to have the security registered in their own name, the entitlement holder can request that the intermediary deliver or cause to be delivered to the entitlement holder a certificate registered in the name of the entitlement holder or a certificate indorsed in blank or specially indorsed to the entitlement holder"*. (See UCC 8-508 cmt. 1)

---

[5] Sandra M. Rocks and Carl S. Bjerre, The ABCs of the UCC, Article 8: Investment Securities (ABA, 1997)

[6] When you buy securities through a brokerage firm, most firms will automatically put your securities into "street name." This means your brokerage firm will hold your securities in its name or another nominee and not in your name, but your firm will keep records showing you as the real or "beneficial owner." You will not get a certificate, but will receive an account statement from your broker on at least a quarterly and annual basis showing your holdings. http://www.sec.gov/answers/street.htm

Defendant has never disputed I fully paid for my BCIT shares or that I am the beneficial owner of the underlying BCIT shares. My monthly account statements provided by TD Ameritrade evidence my security entitlement and my BCIT ownership and in turn, my right to exit the custodial relationship with TD Ameritrade and directly register my BCIT ownership in my name. This ownership right to be a directly registered shareholder remains enforceable, in a court of law, until I decide to relinquish it. I am entitled to due process of law before I am deprived of any of the incidents associated with the ownership of a security entitlement.[7]

Knowledge of unresolved issues in the underlying financial asset does not "injure" my security entitlement or my beneficial ownership. Those underlying issues may affect the value of my investment at any given time, but I have an enduring right of ownership irrespective of whether the value of my investment goes up or down or transfer is restricted temporarily.

Defendant has not, at any time in the past removed, attempted to remove, or threatened to remove my BCIT ownership from its books. In fact, quite the contrary has happened. Defendant has reassured me, and all its other BCIT customers each time we requested our ownership be directly registered, that as soon as the DTC global lock was lifted they would assist us in directly registering our ownership if we so desired. This is exactly what any shareholder would expect of the brokerage they have their securities account with, but in court defendant attempts to twist their communications regarding the transferability of the underlying BCIT shares into "notice" of an injury. This is the same argument defendant put forth to the Missouri district court which the Eighth Circuit Court of Appeals opined did not in fact establish an injury occurred and was the court's reason for reversing the district court's dismissal of Mr. Levy's claim prior to a hearing on the merits. (See *Levy v. TD AMERITRADE, INC.*, No. 13-3363 (8th Cir. June 3, 2014))

---

[7] "..... the incidents of this property interest are established by the rules of article 8, not by common-law property concepts." UCC 8-503 cmt 2

### 3. UCC Article 1-305 Expressly Provides A Private Right Of Action.

Defendant suggests my only remedy is to proceed before a regulatory commission, but neither the SEC nor FINRA enforce property rights. The UCC however, expressly provides me a private right of action to enforce my property interest in BCIT against the securities intermediary who holds my entitlement to that property interest in a securities account. The UCC provides for the right to sue and for enforcement of an entitlement holders property interests.

> Tenn. Code Ann § 47-1-305(b) provides:
> (b) Any right or obligation declared by this chapter and chapters 2-9 of this title is enforceable by action unless the provision declaring it specifies a different and limiting effect.

> Neb. U.C.C Revised Article 1 § 1-305(b) provides:
> (b) Any right or obligation declared by the code is enforceable by action unless the provision declaring it specifies a different and limited effect.[8]

UCC Revised Article 8 sections 8-504 through 8-508 describe the set of five duties imposed on a securities intermediary [defendant] with respect to its entitlement holders [me].

UCC 8-503 states that exercise of my rights described in sections 8-505 through 8-508 may be enforced against the defendant. Those rights represent the incidents of ownership which afford me, the entitlement holder, the corporate rights of the underlying security, i.e. right to dividends, right to vote, and the right to be a directly registered certified owner. Neb. U.C.C Revised Article 8 § 8-503(c) provides:

> (c) An entitlement holder's property interest with respect to a particular financial asset under subsection (a) may be enforced against the securities intermediary only by exercise of the entitlement holder's rights under sections 8-505 through 8-508

> "Subsection (c) provides that an entitlement holder's property interest can be enforced against the intermediary only by exercise of the entitlement holder's rights under sections 8-505 through 8-508. These are the provisions that set out the duty of an intermediary to see to it that the entitlement holder receives all

---
[8] http://nebraskalegislature.gov/laws/browse-ucc.php

6

Case 4:14-cv-00046-TWP-SKL   Document 7   Filed 07/29/14   Page 6 of 16   PageID #: 78

of the economic and corporate rights that comprise the security. If the intermediary is in insolvency proceedings and can no longer perform in accordance with the ordinary part 5 rules, the applicable insolvency law will determine how the intermediary's assets are to be distributed.............So long as the intermediary is solvent, the entitlement holders must look to the intermediary to satisfy their claims. If the intermediary does not hold financial assets corresponding to the entitlement holders' claims, the intermediary has the duty to acquire them. See section 8-504." (UCC 8-503 cmt 2)

### 4. My Claim Is To Enforce TD Ameritrade's Statutory Duty To Comply With My Entitlement Order To Directly Register My BCIT Ownership

"If a person holds a security entitlement, the means of disposition is an entitlement order. An entitlement order includes a direction under section 8-508 to the securities intermediary to transfer a financial asset to the account of the entitlement holder at another financial intermediary or to cause the financial asset to be transferred to the entitlement holder in the direct holding system (e.g., the delivery of a securities certificate registered in the name of the former entitlement holder)." (UCC 8-102 definitions cmt. 8)

"Wachovia was statutorily required to respond to an appropriate entitlement order. *See id.* § 36-8-506 ("A securities intermediary shall exercise rights with respect to a financial asset if directed to do so by an entitlement holder."); *id.* § 36-8-507(a) ("A securities intermediary *shall comply* with an entitlement order if [1] the entitlement order is *originated by the appropriate person,* [2] the securities intermediary has had reasonable opportunity to assure itself that the entitlement order is genuine and authorized, and [3] the securities intermediary has had *reasonable opportunity to comply* with the entitlement order." (emphasis added))." *IN THE MATTER OF ESTATE OF RIDER*, Opinion No. 27367 (S.C. Mar. 19, 2014).

### 5. I Am Not Provided Equal Protection of The Law in FINRA's Arbitral Forum.

Our agreement includes a pre-dispute arbitration clause. But statutory claims are not subject to that arbitration clause if the arbitral forum will not enforce the rights. Although in May 2013 one FINRA arbitrator enforced a buy-in of BCIT stock which TD Ameritrade owed its customer (See *Grabowski v TD Ameritrade* claim #12-01838), defendant denies that the buy-in was enforcement of Mr. Grabowski's BCIT property interest which he purchased in 2005. Since May 2013, no customer of a FINRA member brokerage has been able to prevail in enforcing their statutory rights to their BCIT property in FINRA arbitration. (See FINRA claims 13-02446; 13-

02487; 13-02641; 13-02761; 13-02827; 13-02858; 13-02914; 13-02915; 13-02989;13-03065; 13-03497).

Even though defendant compels customers to arbitrate their BCIT claim, defendant then seeks dismissal of those claims in arbitration which sends claimants back into court to file a new claim in order to enforce their ownership rights.

It is a demonstrable fact that BCIT customers constitutionally protected property rights are not consistently enforced in FINRA arbitration. And due to the recent eleven denials without explanation, one could conclude that enforcing statutorily created property interests is outside the scope of the FINRA arbitrator's authority. For those reasons, I am requesting this court consider the arbitration clause in my brokerage agreement invalid for purposes of my UCC 8-508 claim and deny defendant's motion to compel me to arbitration.

> Generally, "statutory claims can be appropriately resolved through arbitration," and the United States Supreme Court has "enforced agreements to arbitrate that involve such claims." *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 89, 121 S.Ct. 513, 521, 148 L.Ed.2d 373 (2000). "[E]ven claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute serves its functions."*Id.* at 90, 121 S.Ct. 513. (internal quotation omitted). However, in some instances, where the arbitration provision is so prohibitive as to effectively deprive a party of his or her statutory rights, the arbitration agreement may be invalidated. *See Leonard v. Terminix Int'l Co.,* 854 So.2d 529 (Ala.2002);*Powertel, Inc. v. Bexley,* 743 So.2d 570 (Fla.Dist.Ct.App. 1999); *Whitney v. Alltel Communications, Inc.,* 173 S.W.3d 300 (Mo. Ct. App. 2005).

### 6. Defendant Fails To Inform This Court of Its Fiduciary Duty Imposed By Law

"Once a relation between two parties is established, "its classification as fiduciary and its legal consequences are primarily determined by the law rather than the parties." [9] Fiduciary

---

[9] http://www.dol.gov/ebsa/pdf/1210-AB32-PH029.pdf

status has historically been imposed in situations in which control over property is shifted such as in trustee-beneficiary relationships.

Considering defendant has undertaken to act on my behalf regarding the custody of my BCIT shares, and considering I have relied on the obligations imposed by UCC Revised Article 8 and the Exchange Act 1934 to define our relationship; considering that I have relied on the fact that defendant is required by law to comply with the obligations imposed by those statutes; considering defendant is the only entity in a position to act and transfer my property interests out of street name into my name; and considering for purposes of the Exchange Act 1934, I am a beneficial owner of my BCIT shares, defendant is a fiduciary. See *J-LINE PUMP CO., INC. v. Chand*, No. 13-2842 (W.D. Tenn. July 14, 2014);

> "One acts in a "fiduciary capacity" when: 'the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.' Black's Law Dictionary 564 (5th ed. 1979)." *US v. Chestman*, 947 F.2d 551 (2d Cir. 1991).

### 7. Defendants Actions Are Inconsistent With It Fiduciary Duty

BCIT shareholders began getting reliable information in late 2011 that BCIT shares were not in fact DTC locked as "financial professionals" were declaring as late as September 2011[10]. Even with the new information, defendant continued to refuse to directly register shareholders ownership, consequently some customers chose to enforce their rights in court and some chose arbitration. Because defendant includes a mandatory arbitration clause in the account agreement,

---

[10] See supra note 4, September 2011 FINRA DR Case No. 11-00018.

defendant successfully compelled into arbitration six of seven claims filed against it initially in court.[11]

In the seventh claim, Levy v. TD Ameritrade, TD Ameritrade chose to not compel arbitration and attempted to use its statute of limitations argument to get a dismissal. Now defendant has motioned to compel arbitration but only after defendant received the Eighth Circuit Appeals Court unfavorable decision. That Missouri district court has yet to rule on defendant's motion to compel arbitration.

In arbitration, defendant unleashes a bevy of lawyers to belittle shareholder's claims as frivolous brought by disgruntled shareholders who purchased worthless stock. Defendant then paints itself as a victim who is only in the customer service business and alleges that it has no duty regarding delivery of the customer's property when in fact defendant has a fiduciary relationship with it customers regarding the safeguarding and custody of the customer's property (See UCC 8-504 and 17 C.F.R. § 240.15c3-3(b)(1)).

> "The analysis is complicated, however, by the multiple roles that the securities intermediary's duties play under Revised Article 8. The duties are not just duties; they also partially define the key concept of "security entitlement." This definitional role is clear from the definition of a security entitlement-- "the rights and property interest of an entitlement holder with respect to a financial asset specified in Part 5 [of Revised Article 8, which states the duties of a securities intermediary]" UCC 8-102(a)(17) and is acknowledged in the Prefatory Note and the Official Comments." *Powers v. American Exp. Financial Advisors, Inc.*, 82 F. Supp. 2d 448 (D. Md. 2000).

> "Failure to disclose material facts must be deemed fraud or deceit within its intended meaning, for, as the experience of the 1920's and 1930's amply reveals, the darkness and ignorance of commercial secrecy are the conditions upon which predatory practices best thrive." *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 200, 84 S. Ct. 275, 11 L. Ed. 2d 237 (1963).

---

[11] Claims filed in court but subsequently compelled into arbitration include Caron v TD Ameritrade in Washington State (2012); Sandru v TD Ameritrade in Idaho (2013); Grabowski v TD Ameritrade in Michigan (2012); Colby v TD Ameritrade in Indiana (2013); Manley v TD Ameritrade in Indiana (2013); and Blankenship v TD Ameritrade in West Virginia (2014)

These claimants, who are legitimate shareholders with legitimate rights to their property, fight back with facts and the arbitrator's response is to deny the claims and require defendant to reimburse claimant for all or part of their filing fees. In part there is reason to believe that the arbitrators do not understand the indirect holding system and do not understand the duties imposed by UCC on intermediaries to comply with the entitlement orders made by the entitlement holders, and the result is that Claimants must now refile in court, which of course defendant will argue their cases have already been disposed of in arbitration, but that is not true. The arbitrator did not find the claimants property rights did not exist, the arbitrator just did enforce them, without explanation. With so many legitimate BCIT claims being denied, it is just as plausible to conclude it is not within the scope of the arbitrator's authority to enforce BCIT shareholders statutory claims or their property rights.

### 8. Monetary Damages

The monetary damages I have requested are in response to the disregard defendant has shown to my legitimate ownership demands and defendants negligence disregard of its statutory duty to obtain physical delivery or control of my fully paid shares of BCIT common stock and defendant's willful violation and interference with my property interest and investment in BCIT.

Defendant relied on the fact that trade confirmations result in trade finality to justify defendant and the seller retaining its customer's money for their BCIT purchases in 2005. To my knowledge defendant never offered any BCIT shareholder a refund of their purchase even though it was defendant who executed customer's purchases with full knowledge after August 11, 2005 that the DTC would not be providing clearing services and that there were no legitimate BCIT shares available for purchase at that time or any assurance there ever would be any BCIT shares available for its customers. And although defendant knowingly and voluntarily took upon

itself the risk that the seller might default leaving defendant at risk to purchase BCIT shares in the future at whatever the market price might be, defendant is now attempting to repudiate those very trade finality rules that give me the right to enforce my beneficial ownership be converted to legal ownership as I have brought this claim to do.

> "The proper functioning of the system depends on the "guarantees of performance made by all the parties in the chain affirming that they will honor their obligations despite a default by another party in the system." See Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.), 263 B.R. 406, 476 n. 47 (S.D.N.Y.2001). *In re Enron Creditors Recovery Corp.*, 407 B.R. 17 (Bankr. S.D.N.Y. 2009)

Defendant did not inform customers of the DTC's imposition of a global lock until after the SEC temporarily suspended trading in September 2005 and defendant has never admitted to me that the seller failed to deliver. It is only through evidence that has surfaced since late 2011 that I know the seller failed to deliver and defendant is not in compliance with its statutory obligations to obtain and maintain my fully paid BCIT securities. It is also a fact, which the Eighth Circuit Appeals court noted in its opinion, that as of March 2012 defendant is aware BCIT will issue certificates to any entitled customer of defendant's as defendant themselves were issued a BCIT stock certificate and had direct communication of that fact from BCIT and its transfer agent.

Nor will this court find defendant attempted to mitigate any possible damages by obtaining possession of its customers BCIT shares when the price was seven cents per share in 2006; fifteen cents per share in 2011; or forty cents per share in 2013 even though evidence shows it has been possible since February 2006 for defendant to either buy in the seller or directly obtain its customer's shares. Recently the default judgment by the Court of General Sessions of Coffee County, Tennessee in Case No. 14-00082 valued BCIT shares at $8.25 per share when it imposed the $24,750.00 judgment for my parents 3,000 BCIT shares on March 12, 2014.[12]

---

[12] That Coffee County Tennessee case is my parent's case before this court Case No. 4:14-CV-00017.

Agents of TD Ameritrade's office of the President assured many concerned customers up through 2012, in writing, that when the DTC global lock was lifted they would be "happy" to assist the customer in receiving stock certificates to evidence their ownership. Now when defendant is able to assist their customer in obtaining certificates, defendant asserts to courts and arbitrators it has no obligation to do so or liability to obtain the shares for their customers.

Defendant's actions subsequent to 2011 are willful, deceitful and with total disregard of their fiduciary duties regarding custody and safeguarding of customers fully paid securities. Defendant's actions violate their duty of good faith and fair dealing and professional conduct to which they are bound by law. If it is found defendant is colluding with the seller or others to deprive me of my legitimately purchased shares of BCIT then defendant's actions are predatory and possibly criminal.

## 9. Conclusion

I have fully paid for my BCIT shares; I have maintained control of my BCIT ownership rights against defendant since they were first established in 2005 (indirect ownership); and BCIT has issued the shares of common stock I am entitled to and those shares are fully transferable. What changed in 2012 is that evidence surfaced that none of the BCIT shares I am entitled to have ever been in the custody or control of the Depository Trust Company ("DTC") or subject to transfer restrictions that prevents my ownership from being directly registered.

I have met all the conditions necessary to entitle me to direct BCIT ownership. The UCC provides a private right of action to enforce direct ownership of my BCIT property interest. Defendant's Statute of Limitations argument is the same argument the Eighth Circuit Court of Appeals found did not pass muster. Defendant's Motion to Dismiss fails to provide a legitimate reason for dismissal of my claim and defendant's motion should be denied.

The FAA does not mandate claims be arbitrated if the rights will not be enforced in the arbitration forum. I have shown FINRA arbitrators will not consistently, if at all, enforce BCIT direct ownership rights, even though those rights and the corresponding duties (including the duty to buy-in a seller who fails to deliver), are imposed by both state and federal law. Compelling me to arbitration would serve no purpose, and neither my brokerages agreement nor the FAA mandate arbitration is the sole and exclusive remedy available to the parties. To interpret the arbitration clause to foreclose any alternative remedy to possess property purchased through the brokerages account would be illogical and render the arbitration clause unconscionable. The purpose of opening a brokerage account is to purchase property interests in companies, ie shares of common stock. No person would knowingly sign a contract which affords no certain remedy to their property. In addition, the arbitration clause is void per Section 29 Exchange Act 1934 if it is interpreted to waive my "absolute right" to obtain direct ownership of my securities (17 C.F.R. § 240.15c3-3(l)) or defendants duty to obtain and maintain possession or control of my fully paid securities (17 C.F.R. § 240.15c3-3(b)(1)) *"...if a stipulation waives compliance with a statutory duty, it is void under § 29(a), whether voluntary or not."* Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987).

For all the reasons above, I respectfully request this court deny defendant's Motion to Dismiss and deny defendants Motion to Compel Arbitration and because defendant is unable to put forth any evidence I am not entitled to have my beneficial BCIT ownership converted to legal ownership, I am requesting this court Order defendant to obtain and register in my name my 45,000 shares of BCIT as I have requested; order defendant to reimburse me for the costs I

have incurred to enforce my rights; and assess monetary damages as I requested in my complaint against defendant and any other further relief against defendant the court deems just and proper.

Dated this 29th day of July, 2014

_____
David L. Harris
Pro Se Plaintiff
5913 Fountain Grove Rd.
Morrison, Tennessee 37357
Tel: (931) 227-3622

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Opposition to defendant's Motion to Dismiss or Compel Arbitration was served upon the following parties by US Mail and addressed as follows:

GRANT KONVALINKA & HARRISON, P.C.

Mathew D. Brownfield
BPR #10921
mbrownfield@gkhpc.com
Republic Centre, Ninth Floor
633 Chestnut Street
Chattanooga, TN 37450
(423) 933-2731 (Telephone)
(423) 756-6518 (Facsimile)

and

KUTAK ROCK LLP

Gregory R. Crochet
BPR #026962
greg.crochet@kutakrock.com
303 Peachtree Street, N.E.
Suite 2750
Atlanta, GA 30308
(404) 222-4600 (Telephone)
(404) 222-4654 (Facsimile)

Attorneys for Defendant TD Ameritrade, Inc.

This 29th day of July, 2014.

David L. Harris